**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**PLYMOUTH CORDAGE COMPANY d/b/a Wilson & Toomer Fertilizer Company, Respondent.**

No. 23429.

United States Court of Appeals Fifth Circuit.

Aug. 21, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Vivian A. Asplund, N. L. R. B., Washington, D. C., for petitioner.

Arthur W. Milam, Jacksonville, Fla., for respondent.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

McRAE, District Judge:

Respondent manufactures and distributes fertilizer. Because of the seasonal nature of its business, Respondent lays off a number of employees during the months of April, May and June. Under

the collective bargaining agreement between Respondent and Local 667 of the International Chemical Workers Union, employees, are laid off in reverse order of seniority. The recall of employees also is on the basis of seniority, unless the layoff continues more than four months, at which time all seniority rights are lost.

In the spring of 1963, because of the big freeze of December 1962, Respondent laid off more employees than ever before. Employees who had never before been reached for layoffs lost their jobs; among them were Spann Rountree, president of Local 667, and James Washington and Herman Winfrey, both union shop stewards. When the company began building up its work force, which was after all the employees previously laid off had lost their seniority rights,[1] these men were not rehired. The filing of Section 8(a)(1) and (3) charges followed.

■ The only question raised in this enforcement petition is whether there is substantial evidence in the record, viewed in its entirety, to support the Board's determination that Respondent's refusal to rehire the above-mentioned employees was motivated by antiunion animus.[2]

There is no need to reiterate in detail the standards of judicial review which we must follow, Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); NLRB v. O. A. Fuller Super Markets, Inc., 374 F.2d 197 (5th Cir. 1967), nor is there need to recount the evidence produced at the hearing in this case. The General Counsel produced evidence upon which, if believed, an inference of antiunion motivation could properly be drawn. Respondent countered with evidence which, if believed, would sustain their claim that the refusal to rehire was based upon excessive absenteeism in one instance, and poor job performance in the other two. The Trial Examiner discredited the testimony of Respondent's witnesses with regard to the refusal to rehire these three employees.[3]

■ There is no reason to depart from the general rule of not disturbing the trial examiner's credibility determinations. NLRB v. Dixie Gas, Inc., 323 F.2d 433 (5th Cir. 1963).

■■ Therefore, after carefully examining the record, we must enforce the Board's order. Although we might have reached a different conclusion had we been the trial examiner, we cannot displace the Board's determination because we feel this way. NLRB v. Camco, Inc., 369 F.2d 125 (5th Cir. 1966). This is a close case. To us, it falls in the class of case in which two fairly conflicting views can be drawn from the evidence. This being so, we

Enforce.

---

1. Although the Trial Examiner had found that Respondent had deliberately delayed the recalling of employees beyond the four month period in order to destroy seniority rights, this finding was rejected by the Board.

2. The recent decision of the United States Supreme Court in NLRB v. Great Dane Trailers, Inc., 388 U.S. 26, 87 S.Ct. 1792, 18 L.Ed.2d 1792 (1967), does not raise any substantial issue in this case. It is clear that an affirmative showing of unlawful motivation is required in discharge cases. NLRB v. Fountaynebleau Hotel Corp., 300 F.2d 662 (5th Cir. 1962). The same rule would apply in rehiring cases. And since union activity is not an insurance policy to assure job security, the refusal to rehire the president of the local does not fall within that category of unlawful discrimination which is "inherently destructive" of employee rights; thus an affirmative showing of antiunion motivation is required. To categorize the refusal to rehire a high ranking union official as a "per se" violation would lead to an incongruous result, certainly not intended by Congress.

3. Respondent was also charged with an unlawful refusal to rehire two other shop stewards; however, the Trial Examiner, crediting the testimony of Respondent's witnesses, found no unlawful refusal to rehire these two employees.