**Lewis O. NEVELS, Appellant,**

v.

**Roderick Mayhew McCALL and Morgan's Shrimp Packers, Inc., Appellees.**

No. 26138.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1969.

Lewis O. Nevels, pro se.

Raymond J. Dwyer, Miami, Fla., M. Ignatius Lester, Henry E. Coleman, Key West, Fla., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of dismissal without prejudice.

On November 22, 1966, the defendant's motion to dismiss the original complaint was sustained with leave to the plaintiff to amend within thirty days. Within the time permitted an amended complaint was filed and issue joined. On March 20, 1967, the trial previously set for April 10, 1967, was continued to June 12, 1967. On May 9, 1967, plaintiff's motion for a further continuance was granted by order of May 15, 1967. The order provided that the trial would be reset by the court at a later date. On September 15, 1967, plaintiff's counsel moved to withdraw, which motion was granted on September 29, 1967. On November 9, 1967, the court entered an order sua sponte reciting that it had been informed by the plaintiff that he was having personal difficulties and requested that the trial set for November 13, 1967, be again continued. It was so ordered. On January 3, 1968, the case was re-noticed for trial on January 16, 1968. On January 15, 1968, the court received a telegram from the plaintiff that he was ill, and on January 16, 1968, the court sua sponte removed the case from the trial calendar and re-set it for trial on March 5, 1968. Plaintiff, by letter of February 28, 1968, requested another continuance, which was answered by letter from the Trial Judge on March 1, 1968, stating that the case would be called for trial on March 5, 1968, and if plaintiff failed to appear the case would be dismissed. Plaintiff did not appear on the call of the trial docket on March 5, 1968, and the court dismissed the case without prejudice.

The chronology of this case alone forecloses any consideration of the appellant's argument that the District Court abused its discretion in dismissing the case without prejudice for failure to prosecute or to comply with the orders of the court. Rule 41(b), Fed.R.Civ.P. We find appellant's contention to be frivolous and entirely without merit.

Rule 20 of the Rules of this Court adopted December 6, 1968, provides as follows:

### Rule 20—Frivolous and Unmeritorious Appeals

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.

See Appendix to this opinion.

The appeal is

Dismissed.

### APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

RULE 20

FRIVOLOUS AND UNMERITORIOUS
APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.