Grady V. BOUTWELL, Jr., Appellant,

v.

Curtis M. SIMPSON, Warden, Appellee.

No. 26124.

United States Court of Appeals
Fifth Circuit.

Feb. 19, 1969.

Grady V. Boutwell, Jr., pro se.

MacDonald Gallion, Atty. Gen., David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Grady V. Boutwell, Jr., seeks review of an order of the district court denying, after an evidentiary hearing where he was represented by court-appointed counsel, his petition for a writ of habeas corpus.

Appellant was convicted by a jury in the Circuit Court of Escambia County, Alabama, of second degree murder. He was sentenced to thirty (30) years imprisonment on April 12, 1965. The Supreme Court of Alabama affirmed. Boutwell v. State, 279 Ala. 176, 183 So.2d 774 (1966).

The main thrusts of the appeal in this cause are: (a) a confession erroneously admitted into evidence; and (b) failure to grant a change of venue.

Admitted into evidence in the state trial court was a statement given to the police, signed by appellant, admitting the crime. In his petition for the writ of habeas corpus, appellant challenges the admitting into evidence of that statement, alleging that his repeated requests for counsel were ignored, that the statement was coerced, and that he did not sign the statement.

After holding an evidentiary hearing, the district court denied the appellant's petition in an order setting forth its findings and conclusions. The district court found the interrogation to be free of physical and mental coercion; that appellant was given food and not mistreated, threatened, induced or coerced to make a statement. Appellant himself testified that the officers told him he did not have to make a statement. The court further found that the statement admitted into evidence was actually signed by appellant.

■■ Appellant's trial and conviction were completed before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was decided; therefore, the rule in that case is inapplicable to the case at hand. [Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966)]. Appellant relies upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), stating that he was denied the right to have counsel prior to and during the interrogation. The evidence reveals that appellant did not request or name an attorney, even though he was advised of this right before the interrogation began, and the officers gave him the names of lawyers in the area and the opportunity to obtain one by telephone, but appellant did nothing to contact counsel at that time.

■ As to the issue of the failure of the trial judge to order change of venue, the district court found insufficient evidence of prejudicial publicity as to amount to a violation of appellant's constitutional rights.

After a careful review of the record, we have concluded that the district court's findings are not clearly erroneous and that summary disposition of this appeal without oral argument is appropriate. Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, and, accordingly, the case is properly placed on the summary calendar under Fifth Circuit Rule 18.

Affirmed.