**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GARLAND KNITTING MILLS OF GEORGIA, INC., Respondent.**

**No. 26636.**

United States Court of Appeals
Fifth Circuit.

Feb. 24, 1969.

Georgia, violations of Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act (29 U.S.C. § 151 et seq.). Having studied the briefs and record, we have determined that the petition for enforcement is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to place this case on the summary calendar and notify the parties in writing.[1]

The merits of the case can be disposed of on the basis of the briefs and the record.

■ Briefly, the Board found that the Company violated Section 8(a) (1) of the Act by coercively interrogating employees, threatening employees with discharge, creating the impression of surveillance, promising benefits to encourage employees to refrain from union activities, withholding benefits to discourage union activities, and conditioning reemployment of an employee on his withdrawal of support for the Union. There is substantial evidence on the record, as a whole, which supports the Board's findings that the Company violated Section 8(a) (1) of the Act. N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368.

■ The Board further found that Garland violated Section 8(a) (3) and (1) of the Act by unlawfully discharging, laying off, and failing to reinstate or recall six employees in order to discourage union activity and membership. A perusal of the whole record shows substantial evidence to support the Board's findings that the Company violated Section 8(a) (3) and (1). Although there

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Walter C. Phillips, Registered Director, Atlanta, Ga., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Warren M. Davison, Herbert Fishgold, Attys. National Labor Relations Board, for petitioner.

William H. Smith, Jr., Columbia, S. C., for respondent, Smith & Smith, Columbia, S. C., of counsel.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

The Board petitions for enforcement of an order against Garland Knitting Mills of Georgia, Inc., for having committed at their plant in Warrenton,

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158 [January 2, 1969]. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165 [January 23, 1969]; United States of America v. One Olivetti Electric 10-Key Adding Machine, etc., 5th Cir. 1969, 406 F.2d 1167 [January 23, 1969]; and United States of America v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5th Cir. 1969, 406 F.2d 1170 [January 23, 1969].

were conflicting inferences of discriminatory or non-discriminatory employer motivation, the choice between two fairly conflicting views and inferences is primarily the province of the Board. N. L. R. B. v. Plymouth Cordage Co., 381 F.2d 710, 711 (5 Cir., 1967).

Order enforced.