Jackson C. **FLOYD**, Plaintiff-Appellee,

v.

Stanley R. **RESOR**, Secretary of the Army, and United States of America, Defendants-Appellants.

No. 26731.

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1969.

---

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Edwin L. Weisl, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Ralph A. Fine, Attys., Dept. of Justice, Washington, D. C., for defendants-appellants.

Michael J. Salmon, Mobile, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal involves a single narrow question of law: whether a civilian employee of the Department of the Army, who was wrongfully removed from his position and later ordered reinstated by the District Court, is required to deduct from his back pay his outside earnings *from the date of the Court's reinstatement order to the date of his actual restoration to the payroll.*[1]

On the basis of the briefs and record, we have concluded that the case is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put the case on the summary calendar and notify the parties in writing.[2]

1. The back pay statute provides:
"* * *
(b) An employee of an agency who, on the basis of an administrative determination or a timely appeal, is found by appropriate authority under applicable law or regulation to have undergone an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee—
(1) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect an amount equal to all or any part of the pay, allowances, or differentials, as applicable, that the employee normally would have earned during that period if the personnel action had not occurred, less any amounts earned by him through other employment during that period * * *"
5 U.S.C.A. § 5596.

2. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158. For cases heretofore placed on the summary calendar see Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165; United States v. One Olivetti Elec. 10-Key Adding Mach., 5 Cir., 1969, 406 F.2d 1167; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, 5 Cir., 1969, 406 F.2d 1170; NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173; Thompson v. White, 5 Cir., 1969, 406 F.2d 1176; Diffenderfer v. Homer, 5 Cir., 1969, 408 F.2d 1344; Meadows v. Cohen, 5 Cir., 1969, 409 F.2d 750; Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363; Hall v. United States, 5 Cir., 1969, 407 F.2d 1320; Montos v. Smith, 5 Cir., 1969, 406 F.2d 1243; May v. State, 5 Cir., 1969, 409 F.2d 203; Grant v. United States, 5 Cir., 1969, 406 F.2d 1295; Nevels v. McCall, 5 Cir., 1969, 407 F.2d 390; Gamez v. Beto, 5 Cir., 1969, 406 F.2d 1000; Cappetta v. Wainwright, 5 Cir., 1969, 406 F.2d 1238; Jones v. Wainwright, 5 Cir., 1969, 406 F.2d 1241; Boukater v. United States, 5 Cir., 1969, 409 F.2d 537; Williams v. Anderson, 5 Cir., 1969, 407 F.2d 348; Boutwell v. Simpson, 5 Cir., 1969, 408 F.2d 629;

Faced with the question stated above, the Court below held (1) that the dismissed employee, Floyd, was entitled to back pay for the period between the date of the Court's reinstatement order and the date of his actual reinstatement, and (2) that the award was not to be reduced by any "money earned by him in private industry" during that period. Of the clear view that this result is erroneous under the Back Pay Act of 1966, 5 U.S. C.A. § 5596,[3] we reverse and modify.

Floyd was removed from his government job in August 1963. Subsequently, in June 1965, he sued for reinstatement. Determining that the removal was wrongful, the District Court on May 4, 1967, ordered that Floyd be reinstated and given back pay. The Government now accepts this ruling. The Court's order provided also that the Court was retaining "jurisdiction of this matter for further proceedings in regard to back pay and compensation, in the event this matter is not handled to the satisfaction of [Floyd] administratively." In July 1967, the Government filed a notice of appeal from the reinstatement order, but in August 1967, the appeal was dismissed on the Government's motion. Eventually, on October 14, 1967, Floyd was reinstated to his former position.

In January 1968, Floyd filed a motion to "determine and award back pay and allowances." He contended that the amount of the back pay award as determined by the Government was inadequate, and that he was entitled to a larger amount. In support of this contention, he argued that for the period between May 4, 1967, and October 14, 1967—the date of the Court's order requiring reinstatement and the date of actual reinstatement—he was entitled to receive his full Government pay "without any deductions for money earned by him in private industry" during that period.

Floyd contends, and the Court below held, that once the Court has ordered the reinstatement of the employee, the adverse "personal action" is no longer in effect, even though, as in this case, the employee's actual reinstatement may not be effected for some time thereafter. Concluding that after May 4, 1967, the "personnel action" was no longer in effect, the District Court held that there could be no deductions of amounts earned by Floyd through other employment after that date. By this ruling, Floyd was afforded the "windfall" of double compensation for the period in question.

▮ The result engendered by this construction of the Act cannot be sustained. To the contrary, the plain meaning of the statute is that the period for which deductions for outside earnings are to be made is the same period for which back pay is to be awarded. See note 1, supra. Thus, "the period for which the personnel action was in effect" cannot be construed to terminate at the entry of the District Court's reinstatement order. Rather, it must extend to the date of actual reinstatement.

To hold otherwise would bring about many incongruities. One would put the Government to the Hobson's choice: reinstate the discharged employee during the pendency of any appeal, or else face the risk (which indeed became a reality here) that the ultimate loss of the appeal would result in the Government's losing the benefit of the deduction for outside earnings. In addition to this consequence in appeals, there are also the inevitable administrative delays unavoidable in a big governmental establishment and legitimately related to the process of reinstatement. These and similar factors

---

NLRB v. Garland Knitting Mills, 5 Cir., 1969, 408 F.2d 672; Nelson v. United States, 5 Cir., 1969, 406 F.2d 1322; Morgan v. Underwood, 5 Cir., 1969, 406 F.2d 1253; NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173.

The First Circuit has likewise upheld summary disposition without oral argument. See Magnesium Casting Co. v.

Hoban, 1 Cir., 1968, 401 F.2d 516, cert. denied, 1969, 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708. The Ninth Circuit, too, has adopted a rule providing for summary affirmance. See Page v. United States, 9 Cir., 1966, 356 F.2d 337.

3. See note 1, supra.

would result in unusual burdens to the Government. We do not think that Congress intended to use the Back Pay Act either to sanction Government action or to punish the Government for delays caused by appeal or administrative considerations. We likewise decline to do so. Apart from strange notions of coercive punishment,[4] any such result would run counter to usual rules of damages which call for full credit to the extent damages have been mitigated. See generally Restatement of Contracts § 329 (1932); 5 Corbin, Contracts § 1041 (1964).

For the foregoing reasons, the judgment of the District Court is reversed, modified and remanded to require credit for all amounts earned by Floyd through other employment during the period between May 4, 1967 and October 14, 1967.

Reversed, modified and remanded.

## APPENDIX
## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar

by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

---

4. The brief filed in this Court on behalf of Floyd contains undertones of this "punishment" argument. It is true, of course, that to enforce lawful judgments it is sometimes necessary to employ coercive measures, such as contempt proceedings, execution, etc. However, as we have already stated, we do not think that the Back Pay Act was intended to be used as one of these measures.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.