**Robert J. INNESS, Yvette Inness, and Bob Inness Company, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 27384

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 18, 1969.

On Rehearing July 25, 1969.

John W. Lodewick, Andress, Woodgate & Hartt, Dallas, Tex., for petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U. S. Dept. of Justice, Richard M. Hahn, Acting Chief Counsel, Internal Revenue Service, Stephen H. Hutzelman, Jonathan S. Cohen, Attys., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

 This consolidated appeal is from determinations by the Tax Court[1] of income tax deficiencies on petitions by the appellant taxpayers for redetermination.[2]

1. See unofficial report at 27 T.C.M. 567.

2. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, pt. I; Floyd v. Resor, 5 Cir., 1969, 409 F.2d 714, n. 2.

The appellants have not briefed or argued two small deficiencies for the taxable year 1960, and they are affirmed. These are the deficiency of $105.46 against Robert and Yvette Inness and the deficiency of $159.82 against Bob Inness Company.

 The Commissioner asserted deficiencies against Bob Inness Company for the taxable years 1958, 1959, 1961 and 1962. As to these deficiencies the taxpayers make a new argument on appeal that the Bob Inness Company suffered an ordinary loss within the purview of § 165(g) (3) of the Internal Revenue Code of 1954 when its contributions to the capital of Bob Inness Company of Montana, Inc., allegedly an affiliated corporation, became worthless in 1962. Commissioner concedes that this contention may be correct, but points out that the record is insufficient to allow a conclusion that § 165(g) (3) does or does not apply and suggests that in the interest of justice the cases involving this question should be remanded to the Tax Court for further consideration. In our view this is the appropriate procedure.

The record before us does not make clear in which cases the deficiencies hereinabove affirmed appear nor whether the § 165(g) (3) issue is involved in all cases or in less than all. Therefore, all cases are remanded to the Tax Court for proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING

The Commissioner of Internal Revenue has filed a motion to amend the opinion, which remanded to the Tax Court all the decisions of that court embraced in this appeal because the record does not make clear which of the cases were required to be affirmed and which remanded to the Tax Court for further proceedings.

The motion of the Commissioner, to which no objection is interposed by the taxpayers, removes the doubt cast by the state of the record.

The motion, which we treat as a petition for rehearing, is GRANTED. The decision of the Tax Court in Docket No. 2076–64 is AFFIRMED. The decisions in Docket Nos. 2102–64 and 5572–64 are remanded to the Tax Court for proceedings not inconsistent with the opinion of this court entered on June 18, 1969.