**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jay HERRERA, Defendant-Appellant.**

**No. 73–1321.**

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1973.

Rehearing Denied April 3, 1973.

———◆———

Jay Herrera, pro se.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The United States moves to have the appeal dismissed pursuant to Local Rule 20.[1] We grant the motion and dismiss the appeal.[2]

Appellant filed a motion in the district court seeking to obtain a copy of his trial transcript in order to examine it to prepare an attack on his conviction collaterally. The district court denied the motion on grounds that the transcript is not available for a "fishing expedition." This appeal followed.

This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent. Cowan v. United States, 5th Cir. 1971, 445 F.2d 855; Brown v. United States, 5th Cir. 1971, 438 F.2d 1385; Bennett v. United States, 5th Cir. 1971, 437 F.2d

---

1. If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rule 18. See Nevels v. McCall, 5th Cir. 1969,

407 F.2d 390, and United States v. Minor, 5th Cir. 1971, 444 F.2d 521.

2. It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158.

1210; Skinner v. United States, 5th Cir. 1970, 434 F.2d 1036. Therefore, the appeal is hereby dismissed.

Appeal dismissed