[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15636
Non-Argument Calendar

_____

D. C. Docket No. 01-06140-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS ALOYSIUS WARMUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 21, 2005)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

In United States v. Warmus, No. 03-10454 (decided January 20, 2004) (11th

Cir. 2004) (unpublished), we affirmed appellant Warmus's convictions on one

count of making a false or fraudulent claim in a bankruptcy proceeding, on two counts of fraudulently concealing assets belonging to the bankruptcy estate, and on one count of fraudulently withholding information relating to the property or financial affairs of a debtor after filing for bankruptcy. Several months after our mandate issued, Warmus filed two motions in the district court: (1) to reduce the special assessment the court imposed as part of his sentences and to change how the Bureau of Prisons ("Bureau") deducted the assessment from his prison account, and (2) to have the court require the government to pay the costs his attorney (who represented him in the criminal case), the U.S. Attorney's Office, or the court would incur in providing him with various documents. The district court denied Warmus's motions, and this appeal followed.

### The Motion Challenging Special Assessment

Warmus contends that, in connection with his sentences, the district court erred by imposing a $400 special assessment, composed of a $100 assessment for each count of conviction, because the special assessment violated the Ex Post Facto Clause of the Constitution. Warmus also contends that the Bureau infringed his constitutional rights by withdrawing funds (from his prison account) to pay the special assessment before crediting him an allowance for communication costs, as required by federal regulations.

2

Before addressing the merits of Warmus's claims concerning the special assessment, we must determine whether the district court had subject-matter jurisdiction to consider his motions, and if so, pursuant to what authority. "Federal courts are obligated to inquire into subject-matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking." <u>Cadet v. Bulger</u>, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted).

The government's position is that the district court lacked jurisdiction because Warmus could not raise the claims at issue in a direct criminal appeal or under Fed. R. Crim.P. 35. We discuss both of these avenues below, and then explore whether the district court should have construed these motions as made pursuant to 28 U.S.C. §§ 2241 or 2255.

**Direct Criminal Appeal**

Warmus could have raised the issues his motions present in appealing his convictions, but he failed to do so. Thus, he is barred from raising them in this appeal. <u>See</u> <u>United States v. Escobar-Urrego</u>, 110 F.3d 1556, 1560 (11th Cir. 1997).

**A Post-Conviction Motion**

Federal law provides that "[t]he [district] court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an

3

imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Fed. R. Crim. P. 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P 35(b) applies to sentence reductions for substantial assistance to the government.

In the instant case, the district court lacked jurisdiction to consider Warmus's motions as post-conviction motions to correct his sentence under Rule 35. First, if the motions are construed as filed under Rule 35(a), Warmus did not file them within seven days of sentencing, so his motions were untimely. This time limitation is jurisdictional. See United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002) (addressing the former Rule 35(c), which became the new Rule 35(a) on December 1, 2002). Second, Rule 35(b) does not apply in this case because Warmus was not seeking a reduction in his sentence for substantial assistance.

**Collateral Relief through 28 U.S.C. §§ 2241 or 2255**

Because Warmus cannot raise his claims in a direct appeal or pursuant to Rule 35, his only potential avenue for relief was a collateral attack pursuant to 28 U.S.C. §§ 2241 or 2255. One of his claims concerning the special assessment

4

could fit under § 2255 but ultimately does not, while another fits under § 2241 but fails on the merits.

### 28 U.S.C. § 2255 Claim

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). Nevertheless, § 2255 relief only applies to federal prisoners who "claim the right to be released from custody." Blaik v. United States., 161 F.3d 1341, 1343 (11th Cir. 1998) (quotation and alteration omitted) (rejecting a prisoner's § 2255 claim that restitution was improper).

Here, Warmus is attacking the validity of his sentence on the ground that his special assessment was not calculated properly. He does not assert, however, that he has the right to be released from custody, as required by 28 U.S.C. § 2255. See Blaik, 161 F.3d at 1343). In short, he has no § 2255 claim.

5

                    28 U.S.C. § 2241 Claim

     Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A prisoner in federal custody may bring an action under § 2241 to attack, inter alia, Bureau regulations.  See Lopez v. Davis, 531 U.S. 230, 232-33, 121 S.Ct. 714, 718, 148 L.Ed.2d 635 (2001); Mongano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).  Therefore, to the extent that Warmus is challenging the manner in which the Bureau is collecting the special assessment, that claim is properly brought under 28 U.S.C. § 2241, and the district court had subject-matter jurisdiction to consider the claim.

     According to the Code of Federal Regulations, the Inmate Financial Responsibility Program ("IFFRP") was created to encourage "each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 545.10.  The regulations provide that, when an inmate has a financial obligation, including the special assessment imposed at sentencing, Bureau staff "shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation."  28 C.F.R. § 545.11.  The regulation also provides that, for participants in the IFRP, $75.00 per month is excluded from assessments "to allow

                                    6

the inmate the opportunity to better maintain telephone communication under the Inmate Telephone System." 8 C.F.R. § 545.11(b). The IFRP is a voluntary program, but there are several consequences for not participating in it. See 8 C.F.R. § 545.11(d).

It is not clear from the record in this case whether the Bureau violated the provision of the IFRP that provides for an allowance for communication costs. We hold, however, that, because the IFRP is a voluntary program that was created to help inmates meet their financial responsibilities and the benefits of the IFRP are not constitutionally guaranteed, Warmus was not constitutionally entitled to an allowance for communication expenses. See 8 C.F.R. §§ 545.10, 545.11. Thus, construing Warmus's motions as having been brought under § 2241, he has no cognizable claim.

### Warmus's Request for Documents

Warmus contends that the district court erred by denying his motion to authorize the payment of costs for copying various documents. He claims that he needs the documents to prove that (1) he was innocent (of the crimes for which he was convicted), (2) his attorney was constitutionally ineffective, and (3) the prosecutor presented perjured testimony and withheld exculpatory documents.

According to 28 U.S.C. § 2250,

7

[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. When a prisoner has not filed a motion to vacate his sentence, however, the "prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973); Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970). These cases dealt only with documents in the possession of the court, and Warmus seeks documents from the government and his attorney. Nevertheless, the cases are analogous to Warmus's case because Warmus does not point to a specific legal filing for which he needs the documents and, thus, it appears that he is attempting to "search for possible defects" at government expense. See Herrera, 474 F.2d at 1049.

As discussed above, Warmus has not moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255. Furthermore, assuming for sake of argument that he did seek § 2241 relief concerning the manner in which the Bureau removed funds from his prison account, we conclude that none of the documents he asked for

appears to relate to that limited claim.  Accordingly, the district court did not err by denying Warmus's request for documents.

**AFFIRMED.**