[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-00067-CV-4-RH & 00-00052-CR-4-R

RICHARD JAMES ADAMSON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 29, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Richard James Adamson, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion to vacate pursuant to 28 U.S.C. § 2255. Adamson is serving a 188-month sentence for, inter alia, threatening two federal magistrate judges and mailing threatening communications, in violation of 18 U.S.C. §§ 115(a)(1)(B), (b)(4) and 876. Adamson pled guilty to mailing a threatening communication to one federal magistrate judge, waived his right to a jury trial, and was convicted of the other charges by a judge after a bench trial.

In the present appeal from the denial of his § 2255 motion, Adamson first argues that the district court erred by finding that his waiver of his right to a jury trial was knowing and voluntary because the trial judge did not fully disclose his working relationship to the magistrate judges who were the victims of the offense. He next argues that the district court erred by finding that the trial judge's refusal to recuse himself did not violate Adamson's right to due process. Lastly, Adamson argues that the district court erred by finding that he had not been deprived of effective assistance of trial counsel when his counsel failed to inform him about the relationship between the trial judge and the magistrate judge victims. The district court granted a certificate of appealability ("COA") on these issues only.[1]

---

[1] Adamson also raises the following issues on appeal: (1) ineffective assistance of trial counsel for failing to interview a defense witness, cross-examine a government witness, and obtain documentary evidence; (2) denial of appointment of counsel; (3) ineffective assistance of appellate counsel for failing to raise issues regarding his sentence and conviction; and (4) prosecutorial misconduct. Because these claims fall outside the scope of the COA, we decline to address them. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (per curiam).

When reviewing the district court's denial of a § 2255 motion to vacate, we review questions of law de novo, and findings of facts for clear error. *Jones v. United States*, 224 F.3d 1251, 1256 (11th Cir. 2000).

**Waiver of a Jury Trial**

Adamson argues that his waiver of a jury trial was not knowing or voluntary because the trial judge failed to advise him that the two magistrate judges, who he was charged with threatening, routinely worked on cases assigned to the trial judge. Adamson asserts that if he had known of the trial judge's relationships with the magistrate judges, then he would not have agreed to a bench trial before that trial judge.

Federal Rule of Criminal Procedure 23(a) provides that "if the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). We have explained that the purpose of Rule 23(a) is "to ensure that a criminal defendant is aware of his jury right before waiving it and that any waiver is personal and unequivocal." *United States v. Garrett*, 727 F.2d 1003, 1012 (11th Cir. 1984), *aff'd*, 471 U.S. 773 (1985). Thus, a valid waiver requires a defendant's "express, intelligent consent" and must be "approved by the responsible judgment of the trial court." *Adams v. United States ex rel. McCann*,

3

317 U.S. 269, 277-78, 63 S. Ct. 236, 241, 87 L. Ed. 268 (1942).

Generally, a written waiver is sufficient to waive trial by jury, and the trial judge is not required to engage in a colloquy with the defendant on the record to ensure that the waiver is voluntary, knowing, and intelligent. *See Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Absent any claim of prejudice, there is a presumption that the defendant understandably and intelligently waived his right to a jury trial by executing a written waiver. *United States v. Tobias*, 662 F.2d 381, 387 (11th Cir. 1981).

The record shows that the trial judge fully complied with Fed. R. Crim. P. 23(a) and that Adamson understood his right to a jury trial and voluntarily decided to waive that right. Accordingly, the district court did not err by finding that Adamson's waiver was knowing and voluntary.

**Recusal**

Adamson next argues that he was denied due process when the trial judge failed to recuse himself or at least fully disclose his relationship with the magistrate judge victims before accepting Adamson's waiver of his right to a jury trial.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard under § 455(a) is "whether an objective, disinterested, lay

4

observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). Under 28 U.S.C. § 455(b)(1), a federal judge is required to recuse himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under § 455(b)(1), the judge must actually have bias or prejudice, and it must be "personal and extrajudicial." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 128 S. Ct. 671, 169 L. Ed. 2d 526 (2007).

Adamson was aware of the trial judge's working relationship with the magistrate judge victims before waiving his right to a jury trial, he agreed to a bench trial despite that relationship, and he did not allege any actual bias by the trial judge. Accordingly, the district court correctly found that the trial judge's refusal to recuse himself did not violate Adamson's right to due process.

**Ineffective Assistance of Counsel**

Adamson argues that he received ineffective assistance of counsel because his trial counsel failed to inform him that the two magistrate judge victims worked on cases assigned to the trial judge, and if he had been aware of this, he would not

have agreed to be tried by that judge.

Because the issue of ineffective assistance of counsel is a mixed question of law and fact, we review it de novo. *Holladay v. Haley*, 209 F.3d 1243, 1247 (11th Cir. 2000). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The defendant must satisfy both prongs of this test to show a Sixth Amendment violation; if the defendant fails to demonstrate one of these prongs sufficiently, we do not need to address the other. *Id.* at 697, 104 S. Ct. at 2069.

To meet the deficient performance prong of the *Strickland* test, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064. The proper measure of attorney performance is reasonableness under prevailing professional norms, *id.* at 688, 104 S. Ct. at 2065, and judicial scrutiny of counsel's performance must be highly deferential, *id.* at 689, 104 S. Ct. at 2065. There is a "strong presumption" that counsel's conduct fell within the range of reasonable professional assistance. *Id.* Counsel is not incompetent so

long as the particular approach taken "might be considered sound trial strategy." *Id*. To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.*

Adamson conceded in his objection to the magistrate's Report and Recommendation that his trial counsel gave him sound advice regarding the waiver. He also conceded that he knew that the trial judge and magistrate judges worked in the same district and were co-workers. At his arraignment, moreover, both he and his trial counsel asserted that they had strategic reasons for requesting a bench trial. Thus, Adamson has not shown deficient performance.

Even if Adamson could show deficient performance, he cannot show prejudice because he has not shown by a reasonable probability that he would not have been convicted or received a lesser sentence if the case had been tried before a different judge. To the contrary, he pled guilty to the charges involving one judge and stipulated before trial that he wrote and mailed threatening letters to another judge. Thus, his conviction and sentence would more than likely have resulted regardless of which trial judge decided the case.

**Conclusion**

7

Based on a review of the record and the parties' briefs, we affirm the district court's denial of Adamson's § 2255 motion to vacate.

**AFFIRMED.**