[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13593
Non-Argument Calendar
_____

D.C. Docket No. 4:00-cr-00052-RH-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD JAMES ADAMSON, JR.,
a.k.a. R. Casper Adamson,
a.k.a. Richard Casper Adamson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 7, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Richard James Adamson, a federal prisoner proceeding *pro se*, appeals the denial of his post-judgment motions for transcripts from his underlying criminal case, for reconsideration of that denial, and for recusal of the district judge. After careful review, we affirm.

## I.

Adamson is serving a 188-month sentence of imprisonment for mailing threats to two United States magistrate judges and soliciting the murder of an agent with the Federal Bureau of Investigation. Adamson pled guilty to one count of mailing a threatening communication to one federal magistrate judge, waived his right to a jury trial, and was convicted of the other nine charges by a judge after a bench trial.

After he was convicted, Adamson filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In one of his claims for relief, he alleged that the federal district judge who conducted Adamson's bench trial and sentenced him should have recused himself because one of the magistrate judges that Adamson was convicted of threatening was that district judge's personal magistrate judge. The district court denied Adamson's § 2255 motion with prejudice, concluding, among other things, that recusal was not required.

We affirmed the denial of Adamson's § 2255 motion on appeal in 2008. *Adamson v. United States*, 288 F. App'x 591 (11th Cir. 2008). We held that the

district judge's refusal to recuse did not violate Adamson's due-process rights because "Adamson was aware of the trial judge's working relationship with the magistrate judge victims before waiving his right to a jury trial, he agreed to a bench trial despite that relationship, and he did not allege any actual bias by the trial judge." *Id.* at 593.

In 2016, Adamson filed a "motion for documents" requesting complete copies of the transcripts from his trial, his sentencing hearing, and the evidentiary hearing on his motion for new trial. Adamson argued that he was in possession of newly discovered exculpatory evidence that the government had previously withheld. The evidence, according to Adamson, would show that he was actually innocent of the solicitation-of-murder offense and that the government's cooperating witness conspired with the government and committed perjury in order to convict him.

The district judge who presided over the trial where Adamson was convicted denied Adamson's motion for transcripts, determining that Adamson "ha[d] not identified any timely, colorable claim to which the requested documents would be relevant." The judge noted that Adamson could obtain court documents by paying the clerk's standard charges.

Adamson asked the court to reconsider its ruling. He indicated that the transcripts were relevant to preparing a second § 2255 motion based on the alleged

3

newly discovered evidence.  If the court was unwilling to reconsider its ruling, Adamson asserted, the district judge "can no longer call himself 'fair and impartial,' and should accordingly recuse himself from this case."  The district judge summarily denied the motion for reconsideration or recusal.  Adamson now appeals the denial of his second motion for documents and his motion for reconsideration or recusal.[1]

On appeal, Adamson argues that the district court abused its discretion when it denied his motion for documents.  He maintains that he was entitled to the documents upon a showing of need and that the court failed to address his claims of actual innocence and prosecutorial misconduct.  He also argues that the documents will show that he is entitled to relief via a second 28 U.S.C. § 2255 motion, which was a valid reason for the court to grant his motion.  Alternatively, Adamson asks that we construe his brief as a motion for leave to file a second

---

[1] The government suggests that Adamson's notice of appeal was not timely filed.  The issue of timeliness, in turn, may depend on whether Adamson's motion for documents is considered a filing in a civil case (as an extension of his § 2255 proceeding) or in his underlying criminal case.  If the filing is deemed civil in nature, as Adamson asserts, the motion for reconsideration and notice of appeal were filed within the applicable time limits.  *See* Fed. R. App. P. 4(a)(4)(A).  If the filing is deemed criminal in nature, the question of timeliness depends on whether the prison mailbox rule applies.  *See* Fed. R. App. P. 4(c)(1).  In any case, because timeliness in a criminal case is not jurisdictional, *United States v. Lopez*, 562 F.3d 1309, 1311–12 (11th Cir. 2009), we would not lack jurisdiction even if the notice of appeal was untimely.  Additionally, the government does not seek strict enforcement of the time limits and instead has briefed the merits of Adamson's appeal and requests in the alternative that we affirm the district court.  *See id.* at 1313–14 (holding that we apply the time limits of Rule 4(b), Fed. R. App. P., when the government objects).  So whether the post-judgment motion for documents is considered a civil or criminal filing, we have jurisdiction over this appeal, and, with the government's acquiescence, we resolve the merits.

§ 2255 motion and then grant the construed motion.  Finally, Adamson argues that the district judge was biased and should have recused himself.

## II.

We review the denial of Adamson's post-judgment motion for documents for an abuse of discretion.  *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) (noting that we review "the denial of post-judgment motions under an abuse of discretion standard"); *United States v. Quinn*, 123 F.3d 1415, 1425 (11th Cir. 1997) (reviewing the denial of a criminal defendant's discovery motion for abuse of discretion).  Motions for recusal and reconsideration are reviewed for an abuse of discretion.  *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007); *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

## III.

Adamson first argues that he was entitled to free transcripts under 28 U.S.C. § 753(f).  Section 753(f) provides that indigent defendants "in proceedings brought under 2255" are entitled to transcripts at government expense "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit."  28 U.S.C. § 753(f).  The statute also authorizes free transcripts for indigent defendants "in criminal proceedings," "in habeas corpus proceedings," or when pursuing a non-frivolous appeal.  *See id.*

Critical to § 753(f)'s guarantee, then, is a pending proceeding to which the transcripts are relevant. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("Where Congress has addressed the subject as it has [in § 753(f)], and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized."). Indigent federal prisoners are not entitled to copies of transcripts at government expense for the purpose of preparing a collateral attack on a conviction. *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970).[2]

Because Adamson has no § 2255 motion pending, he "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *Herrera*, 474 F.2d at 1049. While Adamson indicates that he intends to file a second § 2255 motion, he has not filed a second § 2255 motion or received authorization from this Court to file such a motion. *See* 28 U.S.C. § 2255(h) (stating that a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals before the petitioner may proceed on the motion). So his request for documents is not ripe. Therefore, the district court properly denied Adamson's motion for documents and his motion for reconsideration of that ruling.

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Alternatively, Adamson asks that we construe his brief as a motion for leave to file a second § 2255 motion and then grant the motion so that he may obtain the requested transcripts in the second § 2255 proceeding.  We deny this request without prejudice to Adamson's filing of an application for leave to file a second § 2255 motion on the proper form for such applications.  We direct to Clerk of Court to transmit to Adamson a copy of the § 2255 successive application form.

## IV.

Adamson next argues that the district court erred in denying the motion to recuse embedded in his motion for reconsideration.  A district judge must recuse "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) & (b)(1).  Recusal is warranted under § 455 where an objective, fully-informed, lay observer would entertain significant doubt about the judge's impartiality.  *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  But "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *United States v. Berger*, 375 F.3d 1223, 1228 (11th Cir. 2004) (quotations marks and alteration omitted).

Similarly, 28 U.S.C. § 144 provides for judicial disqualification where a party "makes and files a timely and sufficient affidavit that the judge before whom

the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Before a judge recuses herself, a § 144 affidavit must be strictly scrutinized for form, timeliness, and sufficiency." *Perkins*, 787 F.3d at 1343 (internal quotation marks omitted). To warrant recusal under § 144, the moving party must allege facts that, accepted as true, "would convince a reasonable person that bias actually exists." *Christo*, 223 F.3d at 1333.

Here, the district court did not abuse its discretion in denying Adamson's motion for recusal. We previously determined that the district judge was not required to recuse even though he presided over a bench trial where Adamson's victims were magistrate judges who worked in the district judge's district. *See Adamson*, 288 F. App'x at 593. That conclusion binds us here. *See This That And The Other Gift And Tobacco, Inc. v. Cobb Cty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (under law-of-the-case doctrine, determinations in an earlier appeal generally are binding in all subsequent proceedings in the same case). Furthermore, the denial of Adamson's motion for documents alone does not present reasonable grounds for questioning the district judge's impartiality. *See Berger*, 375 F.3d at 1228. Finally, Adamson did not file a proper affidavit under § 144, *see Perkin*, 787 F.3d at 1343, and, in any event, his allegations do not indicate any personal, extrajudicial bias that would cause a lay observer to doubt

8

the district judge's impartiality.  *See* 28 U.S.C. §§ 144, 455; *Christo*, 223 F.3d at 1333.

Accordingly, we affirm the district court's denial of Adamson's motion for recusal.

## V.

In summary, we **AFFIRM** the district court's denial of Adamson's post-judgment motion for transcripts from his criminal case and his request for reconsideration of that ruling, because there was no pending proceeding to which the transcripts were relevant.  We also **AFFIRM** the denial of Adamson's motion for disqualification of the district judge.  Finally, we **DENY** his request to construe his brief as an application for leave to file a second § 2255 motion, but the Clerk is **DIRECTED** to transmit to Adamson a blank copy of the application for leave to file a second or successive motion to vacate under § 2255.