[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15841
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00114-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY THOMAS GOLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 11, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jeffrey Gola appeals the denial of his motion for free transcripts. Gola

moved for transcripts of his change of plea hearing and his sentencing hearing,

which he has since received. Because "it is impossible for [this] court to grant [Gola] any effectual relief," *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)), we dismiss as moot that part of his appeal challenging the denial of trial transcripts. Gola also moved for a transcript of a hearing about his mental fitness to prepare a collateral challenge to his sentence, *see* 28 U.S.C. § 2255, but we cannot say that the denial of Gola's motion was an abuse of discretion, *see United States v. Quinn*, 123 F.3d 1415, 1425 (11th Cir. 1997). Gola "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973). Gola argues that the denial of the transcripts constitutes discrimination based on his mental disability, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12132, but Gola must present that issue in a civil action, not in a postjudgment motion in a criminal case.

**DISMISSED IN PART, AFFIRMED IN PART.**

2