[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14380

_____

D.C. Docket No. 1:14-cr-20221-PAS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN ALEJANDRO RODRIGUEZ CUYA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2020)

Before WILSON, MARCUS and THAPAR,[*] Circuit Judges.

MARCUS, Circuit Judge:

Juan Alejandro Rodriguez Cuya ("Cuya") appeals from the district court's

denial of several preliminary discovery motions he filed in the district court in

_____

[*] Honorable Amul R. Thapar, United States Circuit Judge for the Sixth Circuit, sitting by designation.

anticipation of an as-yet unfiled 28 U.S.C. § 2255 petition.  Notably, while the instant appeal was pending, Cuya filed his § 2255 motion to vacate, and that habeas case is currently proceeding in district court.  Because a defendant who has not yet filed a § 2255 motion to vacate a conviction or sentence is not entitled to discovery, we affirm the district court's denial of his discovery motions.

We review a district court's denial of a motion to compel discovery for abuse of discretion.  Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006).  The district court has broad discretion to compel or deny discovery, and we will therefore leave undisturbed a district court's ruling unless we find that it made a clear error of judgment or applied the wrong legal standard.  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306–07 (11th Cir. 2011).

The essential facts surrounding this appeal have been laid out in Cuya's previous appeals to this Court.  See United States v. Rodriguez Cuya, 769 F. App'x 868, 869-73 (11th Cir. 2019); United States v. Cuya, 724 F. App'x 720, 723 (11th Cir.), cert. denied sub nom. Rodriguez Cuya v. United States, 138 S. Ct. 2591 (2018).  In 2014, Cuya, along with three co-defendants, was charged with an elaborate fraud arising out of his use, along with his mother's, of a series of companies they operated in Peru and Miami.  Cuya and his mother, Maria Luzula, obtained customer lists from companies that had sold products to people in the United States and then directed employees in telephone call centers that Cuya

2

operated in Peru to contact the victims and misrepresent that they were agents in a legal department of a private or government organization that was collecting overdue payments for products the victims purportedly had purchased. Cuya and Luzula supervised their employees who demanded payment for fabricated orders. After many victims agreed to pay phony "fees" to settle the matters, their calls were routed to Miami where Luzula and her employees processed credit card payments and mailed packages containing the products the victims allegedly had ordered. Between October 2012 and January 2014, the conspiracy swindled over $2,000,000 from more than 8,000 victims that, after accounting for refunds, resulted in net proceeds of over $1,700,000. Cuya received $828,531 of the money.

In 2015, a jury in the Southern District of Florida convicted Cuya on one count of conspiracy to commit mail and wire fraud, nine counts of mail fraud, fourteen counts of wire fraud, and two counts of attempted extortion. The district court sentenced him to 210 months' imprisonment. Cuya unsuccessfully appealed his convictions and sentences to this Court. Cuya, 724 F. App'x at 726. In April 2019, we considered still another appeal Cuya brought pro se, this time challenging the denial of his motion for a new trial. Rodriguez Cuya, 769 F. App'x at 874. We detailed the record at some length and again affirmed. Id. at 875.

3

Meanwhile, in July and August 2018, Cuya filed several motions in district court seeking to compel discovery from the government and his trial lawyer relating to his underlying case -- including materials concerning the search warrant the government had executed pre-trial and his counsel's case files -- in preparation for filing a potential § 2255 motion to vacate. In the July filing, Cuya also moved to toll the statute of limitations for the § 2255 motion that had not yet been filed. The government responded that Cuya had actually received, or was in the process of receiving, all of the materials he sought. In September 2018, the district court, in a one-page order, denied Cuya's motions to compel and to toll the § 2255 limitations period. The court found that the government and Cuya's defense counsel had provided all the requested recordings and documents in their possession to Cuya, his appellate counsel, or his brother. Cuya timely appealed that order to this Court.

The question before us is whether the district court abused its discretion in denying the motions to compel discovery that Cuya filed in anticipation of lodging a § 2255 petition.[1] Although we have not dealt with this issue in a published

---

[1] As we've noted, the district court's order denying Cuya's motions to compel discovery also denied his motion to toll the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") that governs § 2255 motions to vacate. See 28 U.S.C. § 2255(f). However, while this appeal was pending, Cuya timely filed in district court a 28 U.S.C. § 2255 motion to vacate, on what appears to have been the last day of the one-year limitations period. In his § 2255 motion, Cuya raised several claims of ineffective assistance of counsel, and those matters -- which include motions filed by Cuya about the record and discovery -- are now before the district court.

4

decision in many years, under controlling caselaw, the answer is clear:  A prisoner

is not entitled to file a motion for discovery -- of transcripts, indictments, search

warrants, or other records -- before filing a § 2255 motion to vacate.[2]  See Brown

v. United States, 438 F.2d 1385, 1385 (5th Cir. 1971) (affirming the denial of a

motion seeking a copy of a trial transcript for use in a future collateral attack on a

conviction where "Brown had no petition for a post conviction remedy pending at

the time of his motion and his motion failed to set forth any grounds of attack on

his sentence"); Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970) ("We

---

Cuya does not appear to have appealed from the district court's denial of his motion to toll, because while he mentioned it in his response to a jurisdictional question we posed, he has not plainly and prominently raised the tolling issue in his pro se or counseled briefs.  See Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) ("To adequately raise a claim or issue, a party must plainly and prominently so indicate, for instance by devot[ing] a discrete section of his argument to those claims." (quotations omitted)).  In an abundance of caution, however, to the extent Cuya has appealed from the district court's denial of the motion to toll, that motion is moot because Cuya has since timely filed a § 2255 motion within AEDPA's one-year statute of limitations.  Upon timely filing the § 2255 petition, any need to toll AEDPA's limitations period disappeared, and any inquiry into his entitlement to tolling became moot.  As we've explained, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (quotations omitted).  Because "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it," we have no power to address the tolling question and decline to do so.  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quotations omitted).

[2] While we recognize that there's a separate rule allowing for an indigent § 2255 petitioner to have access to his court transcripts, even that rule requires the petitioner to file his § 2255 motion first.  See 28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue . . . in forma pauperis shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . .").

have consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. 2255 to search the record for possible error."); Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) (affirming the denial of a motion requesting an indictment and transcripts because "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error").[3]

The long-standing rule that a defendant may not file a pre-§ 2255 request for discovery makes sense. For starters, as we've recognized, a § 2255 motion is a civil action separate and apart from a prisoner's criminal case, so a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly "prelitigation" posture. See United States v. Jordan, 915 F.2d 622, 628 (11th Cir. 1990) (observing that "proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); United States v. Dunham Concrete Prods., Inc., 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that § 2255 proceedings are, like habeas matters, civil actions mainly standing on their own bottoms . . . ."); Rosecrans v. United States, 378 F.2d 561, 565–66 (5th

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Cir. 1967) (providing that "[a] motion under § 2255 . . . is an independent civil proceeding, and it is not a part of the proceedings in the criminal case in which the sentence attacked was imposed").

In fact, in civil cases generally, a party is not entitled to discovery before an action is brought -- indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one.  See Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 686 (2009) ("the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions," so if a complaint does not "state[] a plausible claim for relief," the plaintiff "is not entitled to discovery"); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (There is no "need for discovery" before "the filing of a well-pleaded complaint.  [Discovery] is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." (quotation omitted)); see also Application of Eisenberg, 654 F.2d 1107, 1112 (5th Cir. 1981) ("A person contemplating litigation has no absolute entitlement to early discovery . . . ."); Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 2071 n.5 (3d ed. 2020) ("The type of fishing which the [Federal Rules of Civil Procedure] do not tolerate is fishing before action to try to discover some ground for bringing suit.  No discovery process can be used by

7

the plaintiff before he has filed his complaint." (quotation omitted)).[4]  Thus, the requirement that a prisoner who is just thinking about filing a § 2255 motion to vacate must first lodge the motion before he can seek discovery is wholly consistent with the usual rules of discovery surrounding civil actions.

Moreover, while § 2255 proceedings are civil in nature, discovery in habeas actions is <u>more limited</u> than in other civil cases.  <u>See</u> <u>Harris v. Nelson</u>, 394 U.S. 286, 295 (1969) (noting that "[a]t the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" applicable to ordinary civil litigation (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 500 (1947))).  According to the Rules Governing Section 2255 Proceedings for the United States District Courts, for a federal habeas petitioner to obtain discovery once his action is filed, he must show "good cause."  <u>See</u> Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . . A party requesting

---

[4] There is one avenue for a party considering federal litigation to seek some form of discovery -- Federal Rule of Civil Procedure 27 -- but that is a very narrow rule and only allows for the perpetuation of testimony.  See Fed. R. Civ. P. 27(a)(1) ("A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides.").  That is not what Cuya was seeking here.

discovery must provide reasons for the request.");[5] see also Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course[, but only] in the exercise of [the judge's] discretion and for good cause shown.") (emphasis added). A district court cannot determine whether there is "good cause" for a discovery request and cannot determine the propriety of discovery until a § 2255 has been filed. See Arthur v. Allen, 459 F.3d 1310, 1311 (11th Cir. 2006) ("[G]ood cause for discovery cannot arise from mere speculation."). A filed § 2255 motion is therefore necessary before a district court may conduct an inquiry under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

This limitation also is consistent with the general admonition against allowing federal prisoners to use discovery in habeas proceedings as a fishing expedition. See, e.g., United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973) (affirming the district court's denial of a defendant's pre-§ 2255 motion to obtain a copy of his trial transcript in order to "examine it to prepare an attack on his conviction collaterally," since "the transcript is not available for a 'fishing

---

[5] A similar rule appears both in the Rules Governing Section 2254 Proceedings and in the Rules Governing Section 2255 Proceedings. Notably, however, discovery in § 2254 cases is even more limited because there, the state prisoner must not only satisfy Rule 6's good cause standard, but also the requirements of AEDPA found in 28 U.S.C. § 2254(e)(2).

expedition'"); cf. Harris, 394 U.S. at 297 ("[A] broad-ranging preliminary inquiry [through discovery] is neither necessary nor appropriate in the context of a habeas corpus proceeding."); Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001) (holding that "[h]abeas petitioners have no right to automatic discovery" and that the district court did not err "by denying a fishing expedition masquerading as discovery"); Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Conclusionary allegations are not enough to warrant discovery under Rule 6 . . . ; the petitioner must set forth specific allegations of fact.  Rule 6 . . . does not authorize fishing expeditions." (footnotes omitted)); U.S. ex rel. Nunes v. Nelson, 467 F.2d 1380, 1380-81 (9th Cir. 1972) (holding, where the appellant "sought an order entitling him to inspect certain items of evidence in the possession of local officials for use in preparing a future petition for a writ of habeas corpus," that he "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition," because "[u]nfettered discovery here would be neither appropriate nor suitable, and Nunes therefore has no right to the requested fishing license" (quotations omitted)).

In any event, we cannot help but note that the bar on prelitigation discovery, even in the federal habeas context, is not a burdensome one -- "the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application."  Eisenberg, 654 F.2d at 1112 (emphasis added).  Once a § 2255

10

motion has been filed, the petitioner is free to seek discovery upon a showing of "good cause." Bracy, 520 U.S. at 904.

The long and the short of it is that Cuya was not entitled to seek discovery from the district court before he filed his § 2255 motion to vacate his conviction. Our case law has long established that there is no legal basis for him to do so. Because nothing in the case law, statutes, or rules allowed Cuya to move to compel discovery, we affirm the district court's judgment.

**AFFIRMED**.