[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12407

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELBERT WALKER, JR.,
a.k.a. SHULA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:12-cr-00001-WLS-TQL-1

_____

Before LUCK, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Elbert Walker, proceeding *pro se*, appeals the district court's denial of his motion requesting audio transcripts from his criminal trial and its denial of his related motion for *in forma pauperis* ("IFP") status. After careful review, we affirm.

## I.    BACKGROUND

Defendant and two relatives were charged in 2012 with one count of conspiracy to commit multiple objects, including arson, bank fraud, wire fraud, mail fraud, bankruptcy fraud, possession of a forged security, and making false declarations in court in violation of 18 U.S.C. §§ 371, 844(n), and 1349. *See United States v. Walker*, 758 F. App'x 868, 869 (11th Cir. 2019). Defendant also was charged separately with two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). *See id.* The conspiracy charges were based on evidence of a scheme perpetrated by Defendant and his relatives that involved acquiring various properties, transferring the properties among each other, setting fire to the properties, and making fraudulent insurance claims to collect money for the fire losses. *See id.* The firearms charges were based on evidence that the police found multiple guns, including a shotgun with an obliterated serial number, when they searched Defendant's home in

connection with the conspiracy and the fact that Defendant had a prior New Jersey conviction for welfare fraud that initially resulted in a two-year sentence. *See id.* at 871.

Defendant was tried and convicted by a jury of all the charges asserted against him. He was sentenced to prison terms of 121 months for the conspiracy, 120 months each for the § 922(g) firearm offenses, and 60 months for possession of a firearm with an obliterated serial number, all to be served concurrently. This Court affirmed Defendant's conviction on appeal. Defendant later filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, but he voluntarily dismissed the motion after he began serving the supervised release portion of his sentence. [1]

After this Court affirmed his conviction on appeal, Defendant filed two *pro se* motions requesting that he be provided audio transcripts from his criminal trial without prepayment. Defendant attached an affidavit to his second motion indicating that he had real estate valued at $160,000, a car valued at $6000, and a balance of $51.56 in his inmate account, but stating that he nevertheless was unable to pay for the transcripts he had requested. The court denied the first motion without prejudice, noting that it appeared from the record Defendant still was represented by an attorney and instructing Defendant to submit any motions through his attorney. The court denied the second motion on the merits, explaining that Defendant's former attorney had ordered the transcripts

---

[1] Defendant apparently completed the incarceration portion of his sentence in June or July 2020.

Defendant was requesting in his motion in connection with his criminal appeal and that Defendant failed to show (1) why he needed the transcripts now or (2) that they were unavailable to him from his attorney. The court stated further that Defendant failed to show he was unable to pay for the transcripts given his affidavit attesting to his possession of $166,000 in assets.

Thereafter, Defendant filed a *pro se* civil complaint against his criminal defense attorney, asserting a § 1983 claim to recover for Fifth and Sixth Amendment violations arising from the attorney's alleged ineffective assistance at trial. *See Walker v. Williams*, No. 21-10587, 2022 WL 363809, at *1 (11th Cir. Feb. 8, 2022). The district court dismissed Defendant's civil suit because § 1983 provides for relief only against an official who is acting under color of law and Defendant's court-appointed attorney was not acting under color of law for purposes of § 1983. *See id.* at *2 and *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). This Court affirmed on appeal. *Walker*, 2022 WL 363809, at *1.

Defendant filed the motion at issue in this appeal while the appeal in his civil case was pending. In the motion, Defendant requested "a copy of the audio transcripts" from his criminal trial.[2]

---

[2] Defendant filed a second motion in which he requested a copy of documents filed at docket numbers 284 and 323 for his civil case, presumably the § 1983 case he filed against his criminal defense attorney referenced above. Defendant does not argue in his appellate briefing that the district court erred by denying his request for these documents. Accordingly, we do not address that issue in

Defendant did not explain in the motion why he needed the audio transcripts or whether he had tried to obtain them from his former attorney, and he did not attach an affidavit or any other evidence to the motion establishing his inability to pay.  Nevertheless, Defendant suggested that the audio transcripts should be provided at public expense because he was filing the motion "under *forma pauperis*."

The district court denied Defendant's motion, noting that courts "do not typically give documents or transcripts to defendants free of charge" except "where warranted based upon a sufficient showing by the movant."  The court determined that Defendant failed to make such a showing because he did not explain in his motion why he needed the transcripts and why they were not already in his possession or available to him through his former attorney, who had ordered them in connection with Defendant's criminal appeal.  The court stated further that it was unaware of any pending litigation for which Defendant might need the transcripts, such as a habeas petition.  And finally, the court observed that although Defendant said he could not pay for the transcripts, he failed to include any information in his motion supporting his inability to pay and he attested in an affidavit attached to a previous motion that he had $166,000 in assets.  The court concluded by

---

this appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

suggesting that Defendant request the desired transcripts from his former attorney or pay the fee required to obtain them from the clerk's office.

Defendant appealed. He initially moved in this Court to proceed IFP, but the Court denied his motion, after which the appeal was dismissed. The appeal was reinstated after Defendant paid the required filing fee, and it is now properly before the Court.

## II.  **DISCUSSION**

We review the district court's denial of Defendant's motion to be provided trial transcripts without prepayment for abuse of discretion. *See United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020) ("We review a district court's denial of a motion to compel discovery for abuse of discretion."); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) ("This court reviews the denial of post-judgment motions under an abuse of discretion standard."). We also review for abuse of discretion the court's denial of Defendant's motion to proceed IFP. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under the abuse of discretion standard, we will only reverse if the district court "applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous." *Lugo v. Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014).

In criminal proceedings, we generally review any issues not raised in the district court for plain error. *See United States v. Johnson*, 981 F.3d 1171, 1178 (11th Cir. 2020) ("[W]hen a defendant fails

to raise an argument in district court, we review for plain error."). To establish plain error, Defendant must show that "(1) an error occurred, (2) the error was plain or obvious, and (3) it affected his substantial rights." *Id.* at 1179. As to the second prong, "[w]hen the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (quoting *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006)). Assuming Defendant can establish plain error that affected his substantial rights, this Court may exercise its discretion to remedy the error "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See Johnson*, 981 F.3d at 1179.

Applying the above standards, the district court clearly did not abuse its discretion when it denied Defendant's motion to obtain transcripts of his criminal trial without prepayment. Defendant does not point to any failure by the court to follow proper procedures in ruling on his motion, and it appears from the record that the court applied the correct legal standard. Pursuant to the relevant statute, court reporters "may charge and collect fees for transcripts requested by the parties." *See* 28 U.S.C. § 753(f). The Government must pay for transcripts in criminal proceedings and in § 2255 and other proceedings brought by "persons allowed to sue, defend, or appeal" IFP where "the transcript is needed to decide the issue presented by the suit or appeal" and the litigation is certified by a judge as "not frivolous." *Id.* However, "a federal prisoner is not entitled to obtain copies of court records at the government's

expense to search for possible defects merely because he is . . . indigent." *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973) (summarily affirming the district court's denial of a defendant's motion to obtain a trial transcript at government expense where the lower court had characterized defendant's request for the transcript as a "fishing expedition").[3]

Nor did the district court clearly err when it found that Defendant failed to make the required showing to obtain trial transcripts without prepayment. As the court pointed out, the transcripts were furnished to Defendant's attorney during his criminal appeal and Defendant did not explain in his motion why he could not obtain them from the attorney. In addition, when Defendant filed his motion to obtain the transcripts directly from the court, his criminal appeal was complete, and he had voluntarily dismissed his § 2255 motion. Thus, Defendant could offer no legitimate reason why he needed the transcripts he was requesting. *See Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (affirming a district court's denial of a prisoner's transcript request where the prisoner had no appeal pending and had not filed a § 2255 motion); *United States v. MacCollom*, 426 U.S. 317, 321 (1976) (citing, in response to an indigent defendant's request for a free transcript, "[t]he established rule . . . that the expenditure of public funds is proper only when authorized by Congress" in the governing statute).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Defendant argues in his appellate briefing that the transcripts will help him establish various errors in his criminal trial, including due process and other constitutional violations arising from an allegedly defective indictment, false testimony, and improper conduct on the part of the trial judge and the prosecutor. He also suggests that he needs the audio transcripts because the paper transcripts were "tamper[ed] with." Because Defendant did not raise these issues below, we review them for plain error. *See Johnson*, 981 F.3d at 1178. And for the reasons set out above, we find that Defendant failed to show any error, much less plain error, with respect to the district court's denial of his motion for transcripts without prepayment. We note also that (1) Defendant offers nothing to substantiate the allegations he asserts for the first time on appeal and (2) there is no apparent mechanism for Defendant to assert any claims based on the newly asserted allegations because his criminal appeal has concluded and his opportunity to file a § 2255 motion has expired.

Finally, the district court acted within its discretion when it denied Defendant's motion to proceed IFP. Defendant did not submit with his motion the required affidavit describing his current financial status and the affidavit he attached to a prior motion showed that he had approximately $166,000 in assets. *See* 28 U.S.C. § 1915(a)(1) (stating that a federal court may grant IFP status to "a person who submits an affidavit that includes a statement of all [his] assets" and that he "is unable to pay [applicable] fees"). Further, the court provided "a sufficient explanation for its determination on IFP status to allow for meaningful appellate review." *See*

*Martinez*, 364 F.3d at 1307.  Namely, Defendant failed to show either an inability to pay the fee required to obtain the transcripts he requested or a legitimate need for the transcripts that went beyond a "fishing expedition" for potential error in his criminal trial. Significantly, this Court likewise denied Defendant's motion to proceed IFP.

### III.    CONCLUSION

For the foregoing reasons, the district court's order denying Defendant's motion for audio transcripts and his motion to proceed IFP is **AFFIRMED.**