**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13705
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEFFREY MONKENTEE HILL,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:23-cr-00180-TES-SMD-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Hill appeals his convictions for possession with intent to distribute controlled substances, possession of a firearm in furtherance of a controlled substance crime, and possession of a

firearm as a convicted felon.  Hill argues the district court abused its discretion in denying his motion to compel audio and video evidence of the controlled purchase of crack cocaine by a confidential informant and GPS tracking devices on his car because the search warrant of his family residence that led to his federal convictions were based on the controlled buy and months of investigation of Hill.

We review a district court's denial of a motion to compel discovery for an abuse of discretion.  *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020).  We "review the denial of a motion to disclose the identity of a confidential informant under an abuse of discretion standard."  *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991).  However, when a party fails to establish good cause for an untimely motion, "the issue in the motion is not preserved and our review is limited to a plain error analysis." *United States v. Andres*, 960 F.3d 1310, 1315 (11th Cir. 2019).  Plain error occurs when "(1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (quotation marks omitted).

A motion to compel discovery must be raised by a pretrial motion.  Fed. R. Crim. P. 12(b)(3)(E).  Further, a court may "set a deadline for the parties to make pretrial motions."  Fed. R. Crim. P. 12(c)(1).  "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."  Fed. R. Crim. P. 12(c)(3).

A court may still consider an untimely motion "if the party shows good cause." *Id.* "No good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) (quotation marks omitted). "Neither a strategic decision nor inadvertence constitutes good cause." *Andres*, 960 F.3d at 1316. A court may deny a pretrial motion because it is untimely. *United States v. Taylor*, 792 F.2d 1019, 1025 (11th Cir. 1986).

Suppression of evidence favorable to an accused and material to his guilt or to punishment violates his due process rights regardless of the good or bad faith of the government. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* violation, a defendant must show: "(1) the government possessed evidence that was favorable to him; (2) he did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) if the evidence had been disclosed, there is a reasonable probability that the outcome of his trial would have been different." *United States v. Stahlman*, 934 F.3d 1199, 1229 (11th Cir. 2019). A reasonable probability is one that undermines confidence in the outcome of the trial. *Id.* We have "declined to order discovery based upon mere speculation as to whether the material would contain exculpatory evidence because to do so would convert *Brady* into a discovery device and impose an undue burden upon the district court." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006) (quotation marks omitted).

Federal Rule of Criminal Procedure 16 requires that the government permit the defense, upon request, to inspect data and photographs, among other items, that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the government in its case in chief, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). An item in the first category—preparation for the defense—need not be disclosed unless the defendant demonstrates that the item is material to such preparation. *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003). "A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense." *Id.* "Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *Id.* (quotation marks omitted).

The government has a limited privilege not to disclose the identity of its informants. *Gutierrez*, 931 F.2d at 1490 (citing *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957)). In determining whether disclosure of an informant's identity is required, the district court conducts a balancing test, focusing on "three factors: the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure." *Id.* (quotation marks omitted).

We deem abandoned issues that a defendant fails to raise in his initial brief. *United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010). "To obtain reversal of a district court judgment that is based

on multiple, independent grounds, [the appellant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotation marks omitted). If he fails to do so, the judgment is "due to be affirmed." *Id.* (quotation marks omitted).

As an initial matter, Hill abandoned any challenge to the district court's timeliness determination by failing to raise it in his initial brief, and this Court may affirm on that basis alone. *Wright*, 607 F.3d at 713; *Taylor*, 792 F.2d at 1025; *Maher*, 955 F.3d at 885. Regardless, the district court did not err in denying Hill's motion to compel because it was entitled to deny the motion for untimeliness. The court was entitled to set a pretrial discovery deadline, which it set for August 3, 2023. Hill filed a motion to compel nearly six months later and did not provide any justification for his delay even though he had the information to file the motion as early as his July 2023 email to the government. *Curbelo*, 726 F.3d 1267.

Even if Hill's motion to compel were timely, the district court did not abuse its discretion in denying his motion because he failed to show that the audio and video of the controlled buy, the GPS tracking data, and the informant's identity were material under *Brady*. Hill only speculated that the evidence would be exculpatory based on his belief that the GPS tracking data might show his location, that the controlled buy might show he was not in the video, and that the informant might have exculpatory information. Thus the district court acted within its discretion in

denying his motion to compel.  *Arias-Izquierdo*, 449 F.3d at 1189. Further, there is not a reasonable probability that the outcome of the trial would have been different based on this evidence because the trial was about the presence of drugs at 394 Rogers Street, not the controlled buy, and Hill presented evidence about the time he spent at 394 Rogers Street.  *Stahlman*, 934 F.3d at 1229.  Because Hill presented evidence to rebut the government's argument that he was in possession of drugs and firearms, the denial of Hill's motion to compel was not sufficient to undermine confidence in the outcome of the trial.  *Stahlman*, 934 F.3d at 1229.  Moreover, with respect to the GPS tracking data, the government did not have access to it because it was a part of a state, not federal, investigation.  *Id.*

Even if Hill's motion to compel is analyzed under the Federal Rules of Criminal Procedure, the district court did not abuse its discretion in denying Hill's motion because he failed to show that the audio and video of the controlled buy, the identity of the informant, and the GPS tracking data were material under Rule 16(a)(1)(E).  None of the evidence belonged to Hill, and the government did not use any of it in its case in chief.  Fed. R. Crim. P. 16(a)(1)(E).  Nor did Hill demonstrate that the evidence was material to his defense, because the controlled buy and the GPS tracking devices were not the subjects of his federal charges, and his explanation for the materiality of the information was based on speculation.  *Jordan*, 316 F.3d at 1250).  Finally, Hill did not demonstrate why he needed the informant's identity because the informant was involved in the controlled buy, not the search that

formed the basis of the federal charges, the informant was not a witness in the government's case, and Hill did not explain how the informant's identity will help him determine the validity of the search. *Gutierrez*, 931 F.2d at 1490.

The district court did not err by denying Hill's motion to compel for untimeliness and, alternatively, it did not abuse its discretion by denying Hill's motion to compel for a failure to show materiality. Accordingly, we affirm.

**AFFIRMED.**